[No. 12569.   Department Two. — November 26, 1889.]

JOHN J. BURKE, APPELLANT, *v.* GEORGE MASCA-
RICH, RESPONDENT.

SLANDER — IF FALSITY OF CHARGE BE ADMITTED BY THE PLEADINGS, THE
PLAINTIFF IS NOT REQUIRED TO PROVE IT. — Where the answer in an
action for slander admits that the words spoken were false, it is error to
instruct the jury that the plaintiff must prove that they were false.

ID. — PRIVILEGE — COMMUNICATION BY ONE VOTER TO ANOTHER CONCERN-
ING CANDIDATE. — The reckless repetition by one voter to another of a
charge against a candidate for public office, without any attempt at in-
vestigation of its truth or probability, is not privileged.

APPEAL from a judgment of the Superior Court of
Contra Costa County, and from an order refusing a new
trial.

The complaint alleged that the slander for which the
action was brought consisted in saying of and concern-
ing the plaintiff that "he is a state's prison convict, and
he has been in the state's prison." At the time of the
publication of the slander, the plaintiff was a candidate
at an election for a public office. The further facts are
stated in the opinion.

*Chase & Chase,* for Appellant.

*L. B. & L. Mizner,* and *W. S. Tinning,* for Respondent.

HAYNE, C. — Action for slander; verdict and judgment
for defendant. Plaintiff appeals.

The answer does not set up the truth of the charge
alleged to have been made against the plaintiff, which
was slanderous *per se;* and at the trial the defendant ad-
mitted that he made it. No attempt was made to prove
that the charge was true, and none could have been
made under the pleadings. In this state of the case the
court gave the following instructions: "The law allows
the defendant in an action for slander to plead the truth
of the matter alleged to be defamatory, and this does not

remove the burden from the plaintiff to prove that the alleged slanderous matter is false, *even though the defendant does not set up the truth of the alleged slanderous matter."*

This was, in effect, to tell the jury that it was necessary for the plaintiff to prove a matter which was admitted by the pleadings, and was manifestly erroneous.

There are other errors in the record; but as they need not arise upon a retrial, we deem it sufficient to say that while a communication from one voter to another concerning the character of a candidate for public office may be privileged, and consequently excusable, even though it turns out to have been untrue, yet that the reckless repetition of a mere rumor, without any attempt at investigation of its truth or probability, is not within the protection of the rule.

We therefore advise that the judgment and order appealed from be reversed, and the cause remanded for a new trial.

VANCLIEF, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded for a new trial.